UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Tommy Culpepper and Jose Resendez, Individually and for Others Similarly Situated, § § § § Plaintiffs, § v. § Wood Group Management Services, Inc.; § C2 Logistic Solutions, LLC; and James § Clark, § § Defendants. § | Case No. _____ |

# ORIGINAL COLLECTIVE COMPLAINT

## SUMMARY

1. Wood Group Management Services, Inc. ("Wood Group"), C2 Logistic Solutions, LLC ("C2 Logistics"), James Clark ("Clark") (collectively "Defendants") failed to pay Tommy Culpepper ("Culpepper") and Jose Resendez ("Resendez"), and other workers like them (collectively "Plaintiffs"), their regular rate of pay and overtime wages required by the Fair Labor Standards Act (FLSA).

2. Unlike many FLSA claims which focus on white collar exemptions, calculation of the regular rate of pay, or the misclassification of employees as independent contracts, this case involves the outright denial of any pay whatsoever over a four to ten week period. In particular, when the Wood Group purchased C2 Logistics—a wind turbine installation and maintenance company—both the buyer and the seller brazenly failed and refused to pay their workforce their wages due for the four to ten week period immediately preceding the transition of ownership. This denial of wages amounts to hundreds of thousands of dollars due to the more than 60 employees who have stepped forward to demand their back wages, liquidated damages and attorneys' fees in this lawsuit. All Defendants are jointly and severally liable for all damages.

## JURISDICTION AND VENUE

3.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4.  This Court has personal jurisdiction over Wood Group because Wood Group is a Texas company organized under the laws of Texas with its headquarters at 17420 Katy Freeway, Suite 300, Houston, Texas 77094. This Defendant may be served by serving its registered agent, Corporation Services Company D/BA CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5.  This Court has personal jurisdiction over C2 Logistics because C2 Logistics is a Texas company organized under the laws of Texas with its headquarters in Weatherford, Texas. This Defendant may be served by serving its registered agent, Phillip Lapp, 409 West 4th Street, Suite 101, Weatherford, Texas 76086.

6.  This Court has personal jurisdiction over James Clark because he is an individually residing Texas. This Defendant may be served at his residence, 504 W. Lee Ave., Weatherford, Texas 76086.

7.  Venue is proper in this district pursuant to 28 U.S.C. 5 1391(b)(2) because at least one of the Defendants, Wood Group, is domiciled in this district for venue purposes, and the facts giving rise to this claim occurred in this district.

## PARTIES

8.  Tommy Culpepper was an hourly employee of C2 Logistics and currently resides in Victoria, Texas. He worked for C2 Logistics as a safety advisor during the month of November 2020 without pay. His consent to be a party plaintiff is attached to this Complaint as Exhibit 1. Defendants failed to pay him any wages during his final weeks of employment prior to the

transition of ownership even though he worked substantial overtime hours. He is filing his claim individually and on behalf of all others similarly situated as defined below.

9. Jose Resendez was an hourly employee of C2 Logistics and currently resides in Houston, Texas. He worked for C2 Logistics as a foreman in October and November 2020 without pay. His consent to be a party plaintiff is attached to this Complaint as Exhibit 1. Defendants failed to pay him any wages during his final weeks of employment prior to the transition of ownership even though he worked substantial overtime hours.

10. In addition to Culpepper and Resendez, over 60 other employees identified on Exhibit 2 attached hereto join this case as opt-in plaintiffs because, like Plaintiffs Culpepper and Resendez, they worked for Defendants during the four to ten weeks preceding the transition of ownership and were denied wages.

11. Defendants failed to pay Plaintiffs any wages during the final weeks prior to the transition of ownership.

12. Defendant Wood Group Management Services, Inc. is a U.S. based subsidiary of a multinational energy service company called John Wood Group, PLC, which is a publicly traded company based in Scotland and a constituent of the FTSE 250 Index. Defendant Wood Group, the subsidiary, has its headquarters at 17420 Katy Freeway, Suite 300, Houston, Texas 77094. The Wood Group purchased the assets and operations known as C2 Logistics in the fall of 2020 and continued to employ a substantial number of the Plaintiffs in this lawsuit and service the contracts with C2 Logistics customers. This Defendant is liable for the wage violations under the law regarding successor liability as outlined in greater detail below, and as the current owner of C2 Logistics.

13. C2 Logistics is a Texas limited liability company that provides wind turbine installation and maintenance services. This Defendant employed Plaintiffs at all relevant times.

14. At all relevant times, John Clark was the President and owner of C2 Logistics. He managed the day-to-day affairs of C2 Logistics and negotiated the terms of the contract for sale with the Wood Group Defendant. He is a statutory employer under the FLSA and, therefore, liable for the wages violations asserted herein.

## COVERAGE UNDER THE FLSA

15. At all relevant times, C2 Logistics and Wood Group were employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, C2 Logistics and Wood Group were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, C2 Logistics and Wood Group were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as wind turbines, tools, cell phones, computers, and personal protective equipment—that had been moved in or produced for commerce. In particular, C2 Logistics was in the business of erecting and maintaining wind turbines in various states including Oregon, Kansas, Wyoming. Defendant Wood Group operates in multiple facets of the oil and gas industry including oil field production centers, pipeline design and construction, and other engineering, procurement and construction projects throughout Texas and the United States.

18. At all relevant times, C2 Logistics and Wood Group each had annual gross volume of sales made in excess of $500,000.

19. At all times relevant hereto, Defendant James Clark was the owner and president of C2 Logistics and exercised operational control over the entire company including the working conditions and wages of its employees. He made the offers of employment to Plaintiffs.

20. At all times relevant hereto, Defendant James Clark had the power to hire and fire employees of C2 Logistics, supervised and set wages and wage policies for C2 Logistics' employees, including Plaintiffs and the putative class members, and maintained employment records for Plaintiffs. Clark made the decision not to pay his workforce.

21. At all relevant times, Doe and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce, and in particular were part of the team of workers who installed and maintained wind turbines in Wyoming, Oregon and Kansas, among other states.

## THE FACTS

22. C2 Logistics installs and maintains wind turbines in Oregon, Kansas, Wyoming and other states. C2 Logistics employed Plaintiffs in various manual laborer positions including crane operators, forklift operators, foreman, field engineers, safety personnel, wind turbine technicians, and other field jobs involved in the erection and maintenance of wind turbines.

23. While performing work for Defendants, Plaintiffs routinely used hard hats, ladders, wrenches, and other tools that were produced for or traveled in interstate commerce. The wind turbines they worked on had traveled through interstate commerce.

24. C2 Logistics had a history of paying its employees who occupied the positions of Plaintiffs, including the opt-in Plaintiffs, herein on an hourly basis plus overtime pay and classified them as non-exempt from overtime. C2 Logistics also agreed in writing to pay all Plaintiffs herein an hourly rate, per diem of $125/day, classified all Plaintiffs as employees who

would receive a W-2 tax form, and likewise classified all of them as non-exempt from overtime. Plaintiffs worked substantial hours for Defendants in multiple states often accumulating more than 60 hours per week leading up to the sale of the company. Yet, C2 Logistics and Wood Group failed and refused to pay Plaintiffs any of their wages, overtime pay, business expenses, or per diem during these final weeks of employment.

25. Naturally, Plaintiffs made numerous attempts to contact all Defendants to get paid. All of their efforts were in vain.

26. All other hourly paid employees were likewise denied all wages for the work they provided during the final weeks of their employment with Defendants prior to the transition of ownership. To be clear, the other workers, like Plaintiffs herein, were denied all wages including their regular hourly rates, overtime, per diem and reimbursement for business expenses incurred for the benefit of the company such as travel costs.

## SUCCESSOR LIABILTY

27. Upon information and belief, in 2020, Clark sold C2 Logistics to Wood Group.

28. Prior to acquiring C2 Logistics, Wood Group had notice that the Plaintiffs were required to be paid wages due and that they were not being paid their wages during the final weeks prior to the transition of ownership. Many of the Plaintiffs informed managers and supervisors from Wood Group about the wage violations and inquired about when they should expect payment.

29. C2 Logistics as a separate legal entity has been subsumed under the Wood Group corporate umbrella through the purchase agreement, which limits C2 Logistics' ability to provide the relief sought herein for its employees. Wood Group, as the owner of C2 Logistics, is not

permitted under the law to avoid liability for the wages owed to the employees of the company it acquired.

30. Upon information and belief, Defendant Clark may not be able to provide relief to Plaintiffs herein because, among other issues, he and his business have been sued numerous times over the last year both for wrongful death claims and large breach of contract claims. Plaintiffs herein will be competing for limited resources, if any.

31. Upon information and belief, after the sale, the Wood Group substantially continued the business operations of C2 Logistics. In particular, the Wood Group had the same managers/supervisors, business model, employees, equipment, facilities, and provided the same services to the same clients as its predecessor, C2 Logistics. Notably, a substantial number of the Plaintiffs herein continued to work for Wood Group in the same or similar roles and compensation structure after the business acquisition.

32. Upon information and belief, the Wood Group is able to provide adequate relief to Plaintiffs based on the claims made herein, and the overall equities support the imposition of successor liability on the Wood Group.

33. Defendants' failure to pay any wages to its employees is a willful violation of the FLSA. Defendants failed to act in good faith and, therefore, Plaintiffs are entitled to liquidated damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Culpepper and Resendez were likewise imposed on the Putative Class Members.

35. Defendants' decision to deny Plaintiffs their wages during the final four to ten weeks of work affected not just Culpepper and Resendez, but all other similarly situated employees.

36. Defendants failed to pay dozens and perhaps hundreds of other workers their wages.

37. Any differences in job duties do not detract from the fact that these workers were entitled to regular wages and overtime pay under the FLSA.  Indeed, Defendants' decision to simply deny its entire workforce all wages regardless of job duties makes this case particularly suitable for collective treatment.

38. The workers impacted by Defendants' decision to deny them wages should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

39. Therefore, the Class should be defined follows:

> **All wind turbine manual laborer employees who worked for C2 Logistics, LLC at any time in 2020 who were denied their wages during at least one week of the final ten weeks before the transition of the business to Wood Group Management Services, Inc.**

## COLLECTIVE CAUSES OF ACTION

40. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Culpepper and Resendez were likewise imposed on the Class Members.

41. Numerous individuals were victimized by this decision, pattern, practice, and policy which is a willful violation of the FLSA.  This is a clear case of a uniform decision to simply deny all wages to all employees. Both the buyer and the seller of the company have refused to pay plaintiffs and Class Members their wages due.

42. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Class Members.

43. The specific job titles or precise job locations of the various Class Members does not prevent collective treatment.

44. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

45. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

46. Culpepper and Resendez and the Class Members are all entitled to their backpay, liquidated damages, attorney's fees, interest, per diem, reimbursed business expenses, costs and such other relief to which they are entitled.

## **PRAYER**

47. On behalf of themselves and others similarly situated, Culpepper and Resendez pray for relief as follows:

    a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Wood Group Management Services, Inc., C2 Logistics, LLC, and James Clark jointly

   and severally liable for unpaid back wages due to Culpepper, Resendez and the Class Members and for liquidated damages equal in amount to their unpaid compensation;

c.  And for reimbursement of all business expenses incurred for the benefit of the Defendants;

d.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

           Respectfully submitted,

          By: */ s / Galvin Kennedy*
           Galvin Kennedy
           Galvin@KennedyAttorney.com
           Federal Bar No. 20791
           Texas State Bar No. 00796870
           KENNEDY LAW FIRM, LLP
           2925 Richmond Ave., Ste. 1200
           Houston, TX 77098
           Telephone: (713) 425-6445
           Facsimile (713) 888-535-9271

          ATTORNEYS IN CHARGE FOR PLAINTIFFS
          AND PUTATIVE COLLECTIVE MEMBERS

OF COUNSEL:

By: */s/ Vic Shapiro*
B. Vic Shapiro
vshapiro@bvshapiro.com
Federal Bar No. 12584
Texas State Bar No. 18109360
Law Office of B. Vic Shapiro
1800 St. James Place, Suite 200
Houston, Texas 77056
Telephone: (713) 780-3230
Facsimile: (713) 780-4884