United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY CULPEPPER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-00318 |
| | § | |
| WOOD GROUP MANAGEMENT | § | |
| SERVICES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Frances H. Stacy's Memorandum and Recommendation filed on January 13, 2022 (Doc. #54), Defendant Amec Foster Wheeler Kamtech, Inc.'s Objections (Doc. #55), and Plaintiffs' Response (Doc. #56). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as this Court's Order.

Notably, this Court finds the requirements for specific personal jurisdiction over Amec Foster Wheeler Kamtech, Inc. ("Kamtech") are met. Minimum contacts with Texas are established through Kamtech's Texas office, the contractual relationship with Defendant C2 Logistics Solutions, LLC ("C2"), and the separate lawsuit Kamtech filed against C2 in this forum. Plaintiffs' Fair Labor Standards Act claims, alleging unpaid regular and overtime wages, arise out of the contractual relationship between Kamtech and C2. Exercising personal jurisdiction over Kamtech is thus just and reasonable.

Accordingly, Kamtech's Motion to Dismiss Plaintiffs' First Amended Collective Complaint (Doc. #39) is hereby DENIED.

It is so ORDERED.

_____FEB 2 2 2022_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge