**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Tommy Culpepper and Jose Resendez, Individually and for Others Similarly situated,** | § § § § | |
| **Plaintiffs,** | § § | **Case No. 4:21-cv-00318** |
| **v.** | § § § | |
| **Amec Foster Wheeler Kamtech, Inc.; C2 Logistic Solutions, LLC; and James Clark,** | § § § § | |
| **Defendants** | § | |

<u>**ORDER GRANTING JOINT MOTION FOR FINAL CERTIFICATION AND APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT AND JUDGMENT**</u>

Before the Court is Plaintiff Jose Resendez ("Resendez") and Defendant Amec Foster Wheeler Kamtech, Inc.'s ("Kamtech") (together with Resendez, the "Parties") Joint Motion for Final Certification and Approval of Collective and Class Action Settlement.

WHEREAS, On February 1, 2021, Plaintiffs Tommy Culpepper ("Culpepper") and Jose Resendez (collectively, "Plaintiffs") filed this putative collective action lawsuit (Doc. 1) under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Plaintiffs alleged that they were not paid their regular pay and overtime pay for the last four to ten weeks of their employment with C2 Logistics Solutions, LLC, ("C2") which was performing work for Kamtech on three wind turbine projects in Kansas, Wyoming and Oregon. Plaintiffs alleged that C2 and Kamtech were joint employers for purposes of the FLSA, and when C2 and Kamtech had a "falling out" in October/November 2020, Plaintiffs were not paid any wages for a period of time between October and November 2020. Kamtech denied each allegation contained in Plaintiffs' Complaint, to which neither C2 nor Defendant James Clark responded or answered.

1

WHEREAS, on August 1, 2022, Plaintiffs filed their Second Amended Complaint, asserting a cause of action pursuant to the Kansas Wage Payment Act, K.S.A. 44-313, *et seq.* (the "KWPA") and alleging that Kamtech, as the general contractor on the wind turbine project located in Kansas, was liable for the unpaid wages of C2's employees under the KWPA. Plaintiffs further stated in their Second Amended Complaint that they intended to seek certification of their KWPA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Kamtech denied the allegations in the Second Amended Complaint, to which neither C2 nor Defendant James Clark responded or answered.

WHEREAS, on March 21, 2023, the Parties mediated their dispute, thereafter continued to negotiate, and eventually reached a final agreement with the assistance of an experienced wage and hour mediator, Eric Galton.

WHEREAS, the Parties entered into the Settlement Agreement, as submitted to the Court as part of the Parties' Joint Motion for Preliminary Approval. The Settlement Agreement does not affect Plaintiffs' claims against Defendants C2 and James Clark.

WHEREAS, the Settlement Agreement sets forth the terms and conditions for a proposed settlement in this action between Plaintiffs and Kamtech.

WHEREAS, on August 10, 2023, the Parties moved the Court to enter an Order preliminarily approving the Settlement Agreement and the form and methods of notice of the Settlement to be provided to the Class Members (Doc. 83).

WHEREAS, on September 22, 2023, the Court held a hearing on the Parties' Joint Motion for Preliminary Approval of Collective and Class Action Settlement.

WHEREAS, on September 22, 2023, the Court granted the Parties' Joint Motion for Preliminary Approval of Collective and Class Action Settlement.  (Doc. 86.)

WHEREAS, on October 24, 2023, Phoenix Settlement Administrators (the "Claims Administrator"), the Court-appointed settlement administrator, transmitted the Court-approved

2

notice packages to the 148 putative Rule 23 class members and collective action plaintiffs by U.S. Mail, e-mail, and text message using the putative Rule 23 class members and collective action plaintiffs' last known contact information.

WHEREAS, on November 22, 2023, the Claims Administrator transmitted reminder notices to the 57 putative Rule 23 class members and collective action plaintiffs who had not submitted a claim or a request to be excluded from the Rule 23 class settlement.

WHEREAS, the Parties filed their Joint Motion for Final Certification and Approval of Collective and Class Action settlement on January 5, 2023.

WHEREAS, the Court held a final fairness hearing with respect to the collective and class action settlement and final certification on January 19, 2024.

WHEREAS, the Court is satisfied that the Parties have shown that the settlement of Plaintiffs' KWPA claim on a Rule 23 class basis satisfies the requirements of Federal Rule of Civil Procedure 23(e) and that final approval of the Rule 23 class settlement is appropriate.

WHEREAS, the Court is satisfied that the Settlement Agreement resolves a bona fide dispute between the Parties under the FLSA and was the result of good faith, arm's-length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendant.

AND WHEREAS, the Court having reviewed and considered the Settlement Agreement, makes the following findings and grants the relief set forth below:

**IT IS HEREBY ORDERED AS FOLLOWS:**

### JURISDICTION

1.      The Court has jurisdiction over the subject matter of this action, including the claims asserted, and has personal jurisdiction over Plaintiffs, the Settlement Collective Action Members, the Rule 23 Class Members, and Defendant Kamtech, as well as jurisdiction over the implementation of the Settlement Agreement.

**FINDINGS OF FACT.**

2.      Pursuant to Rule 23, the Court finds that the settlement of Plaintiffs' KWPA claim as embodied in the Settlement Agreement resolves a bona fide dispute between Plaintiffs and Kamtech and is finally approved as fair, reasonable, and adequate, and in the best interest of the Rule 23 Settlement Class (as defined in the Settlement Agreement), in light of the factual, legal, practical, and procedural considerations raised by the case.

3.      With respect to the Rule 23 Class Settlement, the Court makes the following findings of fact and conclusions of law:

a.      **Numerosity**. The Rule 23 class contains approximately 83 people, which satisfies the numerosity factor under Rule 23 after considering the complexity of joinder, the geographical diversity of the class members, and the fact that 71 of such class members have already opted into this litigation as part of the FLSA collective action.

b.      **Typicality**. The Court further finds that the claims made by Plaintiff Jose Resendez are typical of the claims made by the class. In particular, the Court finds that his work on the windfarm project in the state of Kansas for C2 Logistics, which is an undisputed subcontractor of Defendant Kamtech, is typical of the Rule 23 class members who also are subject to the unique Kansas state law making a general contractor liable for the unpaid wages for its subcontractor's employees.

c.      **Commonality**. The Court further finds that questions of fact and law are common among the Class Representative Jose Resendez and the Rule 23 class members. He and the Rule 23 class members are all asserting their rights to recover wages from Defendant Kamtech under the KWPA. The common issues of fact and law include: (i) Whether Plaintiff and the Rule 23 class members worked in Kansas under the subcontract agreement between Kamtech and C2; (ii) Whether C2 failed to pay plaintiffs and class members wages due for work performed under the subcontract agreement between Kamtech and C2; (iii) Whether

Kamtech, as the general contractor, is liable for unpaid wages due to Plaintiffs and the Rule 23 class members under the section 44–317 of the KWPA; and (iv) Whether the KWPA allows plaintiffs and class members to recover from Kamtech the per diem compensation as part of their wages due.

        d.    **Adequacy of Class Counsel**. The Court further finds that Galvin Kennedy of the Kennedy Law Firm, LLP and Attorney Vic Shapiro are qualified to serve as Class Counsel. Class Counsel have vigorously advocated for the rights of the Plaintiffs and the Rule 23 Class Members throughout this litigation. Further, Mr. Kennedy has been approved as Class counsel in dozens of other wage and hour class and collective actions around the country including many in the Southern District of Texas. Likewise, Jose Resendez is an adequate representative for the Rule 23 class because he has been actively involved in the litigation, including responding to written discovery, communicating with class counsel, and attending mediation, and there is no evidence suggesting that he has an interest adverse to the Rule 23 class.

        4.    Because this is a Rule 23 settlement, the Court must also address the four factors outlined in Rule 23(e)(2)(C)(i)-(iv). As to such factors, the Court finds that the costs, risks, and delay of trial and appeal in this case are such that a settlement of the sort reached by the Parties is in the best interest of the Rule 23 Class Members. Further, the Settlement Agreement calls for an effective means of communicating (via U.S. Mail, e-mail, and text message) the notice of the settlement and the rights of the Rule 23 Class Members to participate in the settlement, object, or opt out of the settlement. The Parties used a third-party class action administrator to impartially send the notice and process the notice claim forms. The Parties have also represented to the Court that there are no separate agreements outside of the Settlement Agreement that was filed with the Court. Further, the Settlement Agreement treats the Class Members equitably relative to each other because the Agreement relies on objective pay

records kept by C2 to determine each Rule 23 class member's pro rata share of the net settlement amount. The Settlement Agreement appropriately assigns additional weight to the value of claims for Rule 23 class members who worked in Kansas instead of Oregon or Wyoming because of the unique Kansas state law making general contractors liable for the unpaid wages of their subcontractor's employees. Further, the terms of the Settlement Agreement regarding payment of attorney's fees and litigation costs are also fair and reasonable considering the work done on this matter, the contingency nature of the fee, and the results obtained.

5.    Rule 23 also requires a demonstration that the requirements of Rule 23(b) are satisfied. Here, the Parties have adequately shown that Rule 23(b)(3) is satisfied as common issues predominate, and a class action is a superior method of adjudicating the claims in this matter.  In particular, the primary issue related to liability under the KWPA focuses on the subcontractor relationship between Defendants Kamtech and C2, which is common among all Rule 23 class members because they, by definition, must have worked on the wind turbine project in Kansas.  As such, there are no individual issues that would predominate over this primary threshold to establishing their claims. Moreover, while a few Kansas workers have pursued their individual claims through administrative hearings in Kansas, such workers are specifically excluded from the settlement because they have already been paid. The vast majority of the Kansas workers are still owed wages for work performed in Kansas and would benefit from this Settlement. As stated above, 71 of the 81 putative Rule 23 Class Members have already joined this case. Lastly, the parties have established a streamlined procedure in their Settlement Agreement that would remove any concern related to the difficulty of managing a class action.

6.    The Court finds that the Settlement Agreement is within the range of reasonableness. The Court finds that sufficient investigation, formal and informal discovery,

research, and litigation have been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, the possibility of an unfavorable outcome, and the additional costs, impositions of time, and delays associated with the continued prosecution of this action. With respect to Plaintiffs' FLSA claim, the Court finds that the Settlement Agreement resolves a bona fide dispute between Plaintiffs, the FLSA Opt-In Plaintiffs, the Rule 23 Class Members, and Defendant Kamtech.

7.    The Court also finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Kamtech, under the supervision of an experienced third-party mediator, after thorough factual and legal investigation.

8.    The Court finds and determines that the payments to be made to Resendez, including the service award, as provided in the Settlement, are fair and reasonable. The Court also finds the plan of allocation among the FLSA Opt-In Plaintiffs and the Rule 23 Class Members is rational and fair.

9.    The Court finds and determines that the releases of claims, including those arising under the Fair Labor Standards Action 29 U.S.C. §§ 201-219, are fair and sufficient to extinguish claims against Kamtech, as set out in the Settlement Agreement.

10.    Based upon all papers filed with the Court, the Court's observation and assessment of the performance of Class Counsel throughout this litigation, the resulting settlement recovery, and for other good cause shown, the Court finds that payment to Class Counsel pursuant to the terms of the Settlement Agreement, for all past and remaining work until completion of this matter, is fair and reasonable. Specifically, the Court finds that in light of the result obtained for the Plaintiffs, the contingent nature of the litigation, the experience of Class Counsel, and the preclusion of other employment necessitated by the hours Class

4869-1694-5306, v. 1

Counsel devoted to this litigation, the agreed upon fees, costs, and expenses should be awarded and are hereby approved.

## CONCLUSIONS OF LAW AND ORDER

After considering the Parties' Joint Motion for Final Certification and Approval of Collective and Class Action Settlement (the "Motion"), the Settlement Agreement, and the papers in support of the Motion, **IT IS ORDERED** as follows:

11.     The Parties' Joint Motion for Final Certification and Approval of Collective and Class Action Settlement is hereby **GRANTED**.

12.     Solely for the purpose of the settlement defined in the Settlement Agreement, and pursuant to Rule 23(e), the Court hereby **FINALLY CERTIFIES** the following Rule 23 Settlement Class:

> All C2 Logistics Solutions, LLC employees who worked on the Flat Ridge 3 Wind Energy Project in Kansas and who were not paid wages and/or compensation for their work in 2020; except for the Kansas Wage Claimants who have previously received compensation for their claims (the "Rule 23 Settlement Class").

13.     No Rule 23 Settlement Class Members submitted or filed a timely request to opt-out of the Settlement Agreement nor stated any intent to appear at the final approval hearing.   Likewise, no Rule 23 Settlement Class members submitted an objection to the Settlement Agreement.

14.     Accordingly, **IT IS ORDERED** that all individuals within the class definition set forth in Paragraph 12 of this Order are bound by this Judgment.

15.     The Court **ORDERS** that the Rule 23 Settlement Class is certified for settlement purposes only.   The fact that the Parties were willing to stipulate to class certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class is properly certified in any non-settlement context.   The Court's findings are solely for the purpose of certifying the Rule 23 Settlement Class and will not have

4869-1694-5306, v. 1

any claim, issue, evidentiary preclusion, precedent, or estoppel effect in any other action against the Released Parties (as defined in the Settlement Agreement).

16.    The Court hereby **APPOINTS** Plaintiff Jose Resendez as the representative of the Rule 23 Settlement Class and finds that he meets the requirements of Rule 23(a)(4).

17.    In accordance with Rules 23(a)(4) and (g), the Court **CONFIRMS** the appointment of Galvin Kennedy of Kennedy Law Firm and B. Vic Shapiro as Class Counsel for the Rule 23 Settlement Class.

18.    The Court finds that the Notice Package (as defined in the Settlement Agreement) issued to the Rule 23 Settlement Class has been provided in accordance with the Court's Preliminary Approval Order and that such notice was sent by U.S. Mail, e-mail, and text message in an adequate and sufficient manner.  The Court further finds that the Notice Package (as defined in the Settlement Agreement) constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.

19.    The Court further finds that the Notice Package (as defined in the Settlement Agreement) complies with Rule 23(c)(2) and Rule 23(e).

20.    The Court grants final approval of Class Counsel's request for 40% of $670,000.00 as attorneys' fees and for reimbursement of reasonable costs up to $3,153.00.

21.    The Court preliminarily approves a Service Award to Jose Resendez in the amount of $3,000.00.

22.    The Court finally approves the approves the Claims Administrator's fee of $9,450.00 to be paid from the Gross Settlement Amount.  To the extent the Claims Administrator has incurred any additional charges, such charges shall be paid directly by Class Counsel and Kamtech pursuant to the separate agreement between these parties.

23.    The Court **ORDERS** the Parties to fulfill all other obligations of the Settlement Agreement.

24.     The Court **ORDERS** that the claims of Plaintiff Jose Resendez against Amec Foster Wheeler Kamtech, Inc. are hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs except as outlined in this Order.

25.     The Court **ORDERS** that the claims of the Rule 23 Settlement Class Members listed on Exhibit H to the Settlement Agreement pursuant to the Kansas Wage Payment Act, K.S.A. 44-313, *et seq.*, against Amec Foster Wheeler Kamtech, Inc. are hereby **DISMISSED WITH PREJUDICE**, with all Parties to bear their own costs except as outlined in this Order.

26.     The Court **ORDERS** that the claims of the FLSA Opt-In Plaintiffs listed on Exhibit G of the Settlement Agreement, with the exception of Brandon M. Sporman, Enrique Sanchez, Gabriel D. Clifton-Garrett, Graviel Olaque, Isabel Olvera, Katherine C. Abreu, Oscar Garcia, and Ronald Burgess pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, against Amec Foster Wheeler Kamtech, Inc. are hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs except as outlined in this Order.

27.     The Court **ORDERS** that the claims of Brandon M. Sporman, Enrique Sanchez, Gabriel D. Clifton-Garrett, Graviel Olaque, Isabel Olvera, Katherine C. Abreu, Oscar Garcia, and Ronald Burgess pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, against Amec Foster Wheeler Kamtech, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**, with all parties to bear their own costs except as outlined in this Order.

28.     It is further **ORDERED** that this Order and Judgement does not dismiss or otherwise affect the Rule 23 Class Members and FLSA Opt-In Plaintiffs' claims against C2 Logistic Solutions, LLC and/or James Clark.

29.     Without affecting the finality of this Order and Judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement as set forth in the Settlement Agreement. In addition, without affecting the finality of the Order and Judgment, the Court retains exclusive jurisdiction over

the Parties and each Rule 23 Class Member and FLSA Opt-In Plaintiff for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement, including but not limited to, any dispute as to whether any person is a Rule 23 Settlement Class Member and/or FLSA Opt-In Plaintiff or any disputes between any of the Released Parties and any Rule 23 Settlement Class Member and/or FLSA Opt-In Plaintiff which relates in any way to the applicability or scope of the Settlement Agreement or this Order and Judgment.

**IT IS SO ORDERED on** _____ **January  19** _____, **2024.**

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

11