UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Tommy Culpepper and Jose Resendez, Individually and for Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> Amec Foster Wheeler Kamtech, Inc.; C2 Logistic Solutions, LLC; and James Clark. <br><br> Defendants. | § § § § § § § § § § §  Case No. 4:21-cv-00318 |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAMES CLARK

Pursuant to Federal Rule 55(b)(2), Plaintiff Jose Resendez, Individually and for Others Similarly Situated, (hereinafter "Plaintiffs"), moves this Court for entry of default judgment against Defendant, James Clark, in this action. The Defendant was served with the summons and Complaint, but failed to file an answer or otherwise defend. See Doc. 10, Proof of Service on James Clark. Clark's attorney, Margueritte Broussard, filed a Pro Hac Vice Motion to appear on behalf of Defendant James Clark (Doc. 25) and this Court granted such motion (Doc. 27). However, after several years of litigation, Clark never filed an Answer to the Original Complaint (Doc. 1) or the First and Second Amended Complaints (Docs. 23 and 65), even though Clark's attorney was served with all pleadings via the Court's ECF system. As a result of Defendant James Clark's failure to appear in this action, the material factual allegations against defendant James Clark in Plaintiffs' live Complaint must be accepted as true. Plaintiffs, therefore, request entry of Default Judgment and Order for damages including back pay under the Fair Labor Standards Act, liquidated damages, attorney's fees and costs, the amount of which will be proven through a separate motion on damages shortly after the Court enters Default Judgment.

**I.     BACKGROUND FACTS AND PROCEDURE.**

On February 1, 2021, Plaintiffs Tommy Culpepper ("Culpepper") and Jose Resendez ("Resendez") filed a putative collective action lawsuit (Doc. 1) under the Fair Labor Standards Act ("FLSA") alleging they were not paid their regular pay or their overtime pay for the last four to ten weeks of their employment with C2 Logistics Solutions, LLC, ("C2") which was performing work for Defendant Amec Foster Wheeler Kamtech, Inc. on three wind turbine projects in Kansas, Wyoming and Oregon. (Doc. 1) Plaintiffs alleged that Defendants, including Clark, failed to pay them wages due for work performed on the windmill projects from October to November 2019. Plaintiffs filed their First Amended Complaint on May 11, 2021 (Doc. 23) and their Second Amended Complaint on August 1, 2022 (Doc. 65).

This Court approved an FLSA collective settlement and a Rule 23 Class Action Settlement between Plaintiffs/Class Members and Defendant Kamtech. See Doc. 89, Order Granting Final Approval. The terms of that Settlement have been fully consummated by the parties and the claims as to Kamtech have been dismissed with prejudice.

C2 filed for bankruptcy and all claims as to C2 have been automatically stayed due to standard bankruptcy law. See Doc. 84, C2's Suggestion of Bankruptcy.

Therefore, the only pending claim in this matter are the claims Plaintiffs and the FLSA opt-in plaintiffs have against Defendant James Clark in his individual capacity. Plaintiffs served Clark with process on February 6, 2021. See Doc. 10, Proof of Service of Process. Clark has failed to Answer.

Plaintiffs' Second Amended Complaint (Doc. 65) outlines the claims against Clark individually and, in summary, allege that at all relevant times as follows: James Clark was the President and owner of C2 Logistics; he managed the day-to-day affairs of C2 Logistics, had

operational control of the company and had the power to hire and fire employees; he is a statutory employer under the FLSA and, therefore, liable for the wage violations asserted in the complaint. See *id.*, at p. 5. Clark's attorney was served a copy of the Second Amended Complaint via the court ECF system.

Defendant James Clark failed to file an answer or any responsive pleading within the time required by law.

## II.     LEGAL STANDARD.

Federal Rule of Civil Procedure 55(a) authorizes a court to enter a default judgment against a properly served defendant, who fails to file a timely responsive pleading. Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant does not answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073, 94 S. Ct. 587, 38 L. Ed. 2d 479 (1973). *Lindsey*, 161 F.3d at 893.

"A defaulting defendant is deemed to admit all well-pleaded facts in the plaintiff's complaint, but not facts that are not well pled or conclusions of law." *Joe Hand Promotions v. Mickey's Sports Bar & Grill, LLC*, 2018 U.S. Dist. LEXIS 102301 (N.D. Tex., June 19, 2018) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs hereby respectfully request this Court grant the Motion for Default Judgment against the defendant James Clark and in favor of the plaintiffs. Plaintiffs further request that this court allow Plaintiffs three weeks from the date of entry of a Default Judgment and Order to provide evidence supporting the damages for back pay, liquidated damages, attorney's fees and costs.

                                        Respectfully submitted,

                                        By: */ s / Galvin Kennedy*
                                        Galvin Kennedy
                                        Galvin@KennedyAttorney.com
                                        Federal Bar No. 20791
                                        Texas State Bar No. 00796870
                                        KENNEDY LAW FIRM, LLP
                                        2925 Richmond Ave., Ste. 1200
                                        Houston, TX 77098
                                        Telephone: (713) 425-6445
                                        Facsimile: (888) 389-9317

                                        ATTORNEY IN CHARGE FOR PLAINTIFFS
                                        AND PUTATIVE CLASS MEMBERS

OF COUNSEL:

By: /s/ Vic Shapiro
B. Vic Shapiro
vshapiro@bvshapiro.com
Federal Bar No. 12584
Texas State Bar No.  18109360
Law Office of B. Vic Shapiro
1800 St. James Place, Suite 200
Houston, Texas 77056
Telephone: (713) 780-3230
Facsimile: (713) 780-4884

## CERTIFICATE OF SERVICE

       This is to certify that on October 9, 2024, a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

                                        */s/ Galvin B. Kennedy*
                                        Galvin Kennedy