United States District Court
Southern District of Texas
**ENTERED**
March 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY CULPEPPER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-00318 |
| § | |
| WOOD GROUP MANAGEMENT § | |
| SERVICES, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Plaintiffs' Second Amended Complaint (Doc. #65) and Motion for Default Judgment against Defendant James Clark ("Clark") (Doc. #93). Courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law and the defendant's default has been entered by the clerk of court. FED. R. CIV. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Here, Plaintiffs have not filed a request for entry of default by the clerk, and Clark's default has therefore not been entered. As such, the Court is precluded from granting default judgment. *See Palafox v. Zamudio*, No. 5:22-CV-73, 2022 WL 20508527, at *1 (S.D. Tex. Nov. 8, 2022) ("Here, Plaintiff seeks a default judgment before first obtaining the Clerk's entry of default. Assuming Defendant is [] properly in default, Plaintiff's request for default judgment is premature."). Thus, Plaintiffs' Motion for Default Judgment is DENIED without prejudice. Doc. #93. Plaintiffs may refile their Motion for Default Judgment if they seek and the clerk enters default against Clark.

It is so ORDERED.

MAR 1 8 2025

Date

The Honorable Alfred H. Bennett
United States District Judge